## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Albert L. Ward, etc.

v.

Delia S. Lope et al.

April 2, 1970

Case No. (Chancery) 6161

By JUDGE WALTER A. PAGE

The court has considered the testimony of the witnesses heard ore tenus, the exhibits, the memoranda of counsel and their oral argument.

The bill of complaint alleges that the defendant, Delia S. Lope, has in her possession monies withdrawn from the bank account of the deceased which were held for the benefit of the deceased and that said defendant caused the deceased to convey to her certain real property without consideration and in fraud of her rights. Reference is made to counsels' memoranda for the purpose of a statement of facts.

With reference to the real property, the court is of the opinion that the statutory provisions, as they relate to a gift of land, have been met, and a deed, having been properly executed by the deceased and delivered to and recorded by the defendant, constitutes a valid gift.

The money in the bank, which is the subject matter of this cause, was originally in a joint account with the deceased and the complainant, her brother. In 1967, the deceased withdrew some $4,500.00 and deposited $4,039.96 in another account in the joint names of herself and defendant, Mrs. Lope, leaving in the original joint account with her brother the amount of $3,000.00. The testimony

of the defendant was that when this took place the deceased said, "Dee, if at my death, whenever you pay all of my bills, the rest will be yours to pay you for waiting on me and my old man." (Tr. p. 20, line 3). On April 19, 1968, while the deceased was in the hospital, the defendant, Mrs. Lope, changed the fund from their joint account to an account in her own name and testified that the deceased told her, "Dee, your health is not too good and you go up there and change the money and move it out to Norview where it will be closer for you to go and get money in case if I need anything, because I know how your health is." (Tr. p. 13, line 7). The deceased died on July 26, 1968, having returned home from the hospital shortly after this took place.

The fact that money is placed in a joint account with another is insufficient to create a completed gift. In fact, where this is done, the presumption is that it was not intended that a completed gift be made and that it was done for convenience only. This is strengthened by evidence of illness or infirmity. See Wren v. Daniels, 200 Va. 419 (1958). It is also well established that ownership in a joint account is determined by common-law principles and that the mere deposit does not show intent of itself. Such intention must manifestly appear either from the tenor of the written instrument given to the bank or some clear expression of an intention that the survivor would become the owner upon the death of the depositor, which is fundamentally a matter of contract. See King, Ex'x. v. Merryman, Adm'x., 196 Va. 844 (1955); Colley v. Cox, 209 Va. 811 (1969). As is pointed out in the aforementioned cases, there are two kinds of gifts: gifts inter vivos and gifts causa mortis. The elements of a gift inter vivos are (1) the gift must be of personal property; (2) possession of the property must be delivered at the time of the gift to the donee, or some other for him, and the gift must be accepted by the donee; and (3) the title to the property must vest in the donee at the time of the gift. See Vol. 8 Michie's Jurisprudence, Gifts, sect. 8, p. 188, and cases cited. It is clear from the evidence in the instant case that the deceased did not intend to part with title and vest it in the defendant, Mrs. Lope, at the time that the joint account was created.

A gift causa mortis is a gift of personal property made by a party in the expectation of death, then imminent, upon the essential condition that the property shall belong fully to the donee in case the donor dies, as anticipated, leaving the donee surviving him, and the gift is not in the meantime revoked. *See* Vol. 9, Michie's Jurisprudence, *Gifts*, § 34, p. 209. All gifts are gifts *in praesenti* and title to the property must vest at the time of the gift. A gift inter vivos vests title absolutely, whereas a gift causa mortis vests title conditionally. If title is not to vest until the death of the donor, then it is an abortive testamentary act and not a gift. *See Knight v. Mears*, 156 Va. 676 (1931). At the time the joint account was created, the evidence does not indicate that the deceased was ill or under the apprehension of death, and while the right existed on the part of the defendant, Mrs. Lope, to withdraw funds from the account, the deceased did not divest herself of control. The court is, therefore, of the opinion that the opening of the joint account, even with the expression of the intention of the deceased, was not a valid gift. The court is further of the opinion that the situation was unchanged by the act of the defendant, Mrs. Lope, at the direction of the deceased in putting the funds in her own name, as this, according to her own testimony, was solely for convenience.

While the intent of the deceased to make a gift to the defendant, Mrs. Lope, of her property, real and personal, upon her death is supported by the evidence, it is the opinion of the court that her efforts to do so were ineffectual in law with the exception of the disposition of her real property which was done by a properly executed and delivered deed.

A decree granting the relief prayed for as to monies held by the defendant, Mrs. Lope, for the benefit of the deceased and denying the relief prayed for as to the realty should be presented at counsel's convenience.